UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NABIL KADDAH, | : | |
| Petitioner, | : | |
| | : | PRISONER |
| v. | : | Case No. 3:11-cv-1809 (SRU) |
| | : | |
| J. BRIGHTHAUPT, | : | |
| Respondent. | : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Nabil Kaddah, currently confined at the Cheshire Correctional Institution in

Cheshire, Connecticut, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, to challenge

his conviction for murder, attempted murder and unlawful restraint on the grounds of ineffective

assistance of trial, appellate and habeas counsel.  The respondent argues that the petition is

untimely and the ineffective assistance of trial and appellate counsel claims are procedurally

defaulted.  For the reasons that follow, the petition is denied.

I.      Background

Kaddah was found guilty, after a jury trial in consolidated cases, on charges of murder of

one woman and attempted murder and unlawful restraint of a second woman.  He was sentenced

to a total effective term of imprisonment of seventy-five years.  On direct appeal, Kaddah raised

two issues unrelated to the grounds for relief in this action.  The Connecticut Supreme Court

affirmed his conviction.  *See State v. Kaddah*, 250 Conn. 563, 564-65, 736 A.2d 902, 903 (1999).

Kaddah moved for review of his sentence pursuant to Conn. Gen. Stat. § 51-195, which requires that an application for sentence review must be filed within thirty days of sentencing. On October 27, 2004, Kaddah's sentence was affirmed. *State v. Kaddah*, Nos. CR94100558, CR94100560, 2004 WL 2668799 (Conn. Super. Ct. Oct. 27, 2004).

On August 28, 2000, Kaddah filed a federal petition for writ of habeas corpus. The petition was dismissed without prejudice because Kaddah had not exhausted his state remedies on any ground for relief. *See Kaddah v. Strange*, No. 3:00cv1642 (CFD), 2001 WL 91602 (D. Conn. Jan. 18, 2001). Following the dismissal of the federal habeas action, Kaddah filed a petition for writ of habeas corpus in state court, *Kaddah v. Warden*, No. CV 01-0807618-S. In his amended petition he raised two grounds for relief, ineffective assistance of trial and appellate counsel, grounds included in this action. The state court held a hearing and, on December 19, 2003, denied the petition. Kaddah appealed the denial but, before the Connecticut Appellate Court issued a decision, Kaddah withdrew his appeal. *See* Case Detail, Resp't's Mem. App. H.

Before he withdrew the appeal of the first state habeas, Kaddah filed a second state habeas petition. The only issue raised in the second state petition was ineffective assistance of counsel in the first state habeas action. Following a hearing, the state court denied the second habeas petition. The Connecticut Appellate Court affirmed the denial and the Connecticut Supreme Court denied certification on February 26, 2008. *Kaddah v. Commissioner of Correction*, 105 Conn. App. 430, 939 A.2d 1185, *cert. denied*, 286 Conn. 903, 943 A.2d 1101 (2008).

On March 14, 2008, Kaddah filed a second federal habeas petition. The court dismissed the petition on October 7, 2008, on the ground that Kaddah failed to exhaust his state court

remedies before commencing the federal action.  The court also explained the statute of

limitations for filing a federal habeas action and questioned whether the petition was timely filed.

*Kaddah v. Lee*, No. 3:08-cv-519 (SRU), 2008 WL 4534264 (D. Conn. Oct. 7. 2008).

On November 17, 2008, Kaddah filed a third state habeas action.  The state court

dismissed the petition as successive.  The Connecticut Supreme Court dismissed the appeal on

November 30, 2010.  *Kaddah v. Commissioner of Correction*, 299 Conn. 129, 7 A.3d 911

(2010).  Kaddah commenced this action by petition dated July 29, 2011, but not received by the

court until November 21, 2011.

II.    Standard

In 1996, the federal habeas corpus statutes were amended to impose a one-year statute of

limitations on a federal petition for writ of habeas corpus challenging a judgment of conviction

imposed by a state court.  *See* 28 U.S.C. § 2244(d)(1) (2000).  The limitations period begins on

the completion of the direct appeal or the conclusion of the time within which an appeal could

have been filed, and may be tolled for the period during which a properly filed petition for post-

conviction or other collateral review is pending.  *See* 28 U.S.C. § 2244; *Wall v. Kholi*. ___ U.S.

___, 131 S. Ct. 1278 (2011).

The petitioner can overcome the time bar by demonstrating that the limitations period

should be equitably tolled.  Equitable tolling, however, applies in habeas cases only in

extraordinary and rare circumstances.  The petitioner would have to show that he has been

pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing

his petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153

(2d Cir.), *cert. denied sub nom. Diaz v. Conway*, 129 S. Ct. 168 (2008).  The threshold for a

3

petitioner to establish equitable tolling is very high.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d

Cir.) (acknowledging high threshold for establishing equitable tolling), *cert. denied*, 531 U.S.

840 (2000).

III.    Discussion

        The respondent argues that Kaddah filed this petition beyond the one-year limitations

period, that he procedurally defaulted in state court on his claims of ineffective assistance of trial

and appellate counsel and that his claim of ineffective assistance of habeas counsel is not

cognizable in a federal habeas petition.  Because I conclude that the petition is untimely filed, I

need not consider the respondent's other arguments.

        Currently, there is a one-year limitations period for filing a petition for writ of habeas

corpus in federal court to challenge a judgment of conviction imposed by a state court.  The

limitations period commences when the conviction becomes final and is tolled while a properly

filed application for post-conviction or other collateral relief is pending in state court.  28 U.S.C.

§ 2244(d).  Kaddah's conviction became final on December 6, 1999, at the conclusion of the

time during which he could have filed a petition for certiorari to the United States Supreme Court

from the Connecticut Supreme Court's decision affirming his conviction.  *See Williams v. Artuz*,

237 F.3d 147, 151 (2d Cir.) (direct appeal included time within which petitioner could have, but

did not, file petition for certiorari), *cert. denied*, 534 U.S. 924 (2001).

        At the time his conviction became final, Kaddah's application for sentence review was

pending.  In 2011, the Supreme Court held that motions to reduce sentence qualify as "other

collateral review" that would toll the limitations period.  *See Wall*, 131 S. Ct. at 1285-86.

Kaddah filed his first and second state habeas actions while the application for sentence review

4

was pending.  Thus, the limitations period did not begin to run until February 26, 2008, when the

Connecticut Supreme Court denied review of the ruling on Kaddah's second state habeas

petition.

Although Kaddah filed his second federal habeas petition in March 2008, the filing of a

federal habeas action does not toll the limitations period.  *Duncan v. Walker*, 553 U.S. 167, 181-

82 (2001).   The limitations period was tolled on November 17, 2008, when Kaddah filed his

third state habeas petition.  At that time, 264 days had elapsed.  The limitations period

recommenced, but did not restart, on November 30, 2010, when the Connecticut Supreme Court

dismissed the appeal of the third habeas action.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.

2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which

properly filed state relief applications are pending but does not reset the date from which the one

year statute of limitations begins to run").  The limitations period expired on March 11, 2011.

Kaddah signed this petition on July 29, 2011.  Even if the court were to assume that

Kaddah gave the petition to prison officials to be mailed to the court on that date,[1] the petition

was filed 140 days too late.

Where the limitations period has expired, the federal court will review the merits of a

---

[1] Prisoners are considered to have filed documents in federal court on the day they give the documents to prison officials to be mailed to the court.  *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1983) (prison mailbox rule requires court to consider *pro se* prisoner petitions filed on date prisoner gives petition to correctional staff for mailing) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). When the document arrives at the court within a few days from the date it was signed, the court assumes that the document was given to prison officials for mailing on the day it was signed.  In this case, however, the length of time between the date Kaddah signed the petition and the date it reached the court precludes such an assumption.  Because the petition would not have been timely filed even if it were mailed on July 29, 2011, there is no point in requiring Kaddah to provide evidence of the date on which the petition was given to prison officials for mailing.

5

habeas petition only if the petitioner can show that the limitations period should be equitably tolled.  Equitable tolling may be applied only in extraordinary circumstances and requires the petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Kaddah has not provided an explanation of the delay in filing his federal petition.  Thus, he has identified no extraordinary circumstances warranting equitable tolling.  The habeas petition is denied as time-barred.

III.    Conclusion

The petition for writ of habeas corpus [D**oc. #1**] is **DENIED** as untimely filed.  Jurists of reason would not find it debatable that Kaddah failed to timely file the petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgement and close this case.

**SO ORDERED** at Bridgeport, Connecticut this 6th  day of August 2013.

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

6